456 A.2d 149

COMMONWEALTH of Pennsylvania, Appellee,

v.

Edward Joseph KEBLITIS, Jr., Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 9, 1982.

Decided Feb. 9, 1983.

George E. Goldstein, Chester, for appellant.

Chester B. Muroski, Dist. Atty., Joseph C. Giebus, Asst. Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This action originally involved four defendants, to wit the appellant, Edward Joseph Keblitis, Jr., and his wife, Elizabeth S. Keblitis, as well as Dennis William McArdle, and his wife, Mary Ann Mortenson McArdle, all of whom, in a joint nonjury trial in the Court of Common Pleas of Luzerne County, were found guilty of possession of marihuana with intent to deliver and manufacture of marihuana by growing.[1] Post-trial motions in arrest of judgment were granted as to the possession offenses but dismissed as to the manufacturing offenses. On appeal to the Superior Court, the judgment of sentence incurred by appellant for the latter offense was affirmed.[2]

The sole issue to be addressed on the instant appeal is the sufficiency of the evidence to sustain appellant's conviction for manufacture of marihuana by growing.[3] It is well

1. Controlled Substance, Drug, Device and Cosmetic Act, 1972, April 14, P.L. 233, No. 64, § 13, as amended, 35 P.S. § 780–113(a)(30) (1977).

2. *Commonwealth v. Keblitis,* 281 Pa.Super. 633, 425 A.2d 840 (1980).

3. In view of our disposition on this issue, other assertions of error raised in this appeal need not be addressed.

established that the test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt. *Commonwealth v. Coccioletti*, 493 Pa. 103, 425 A.2d 387 (1981). Read in this manner, the competent evidence establishes the following.

Prior to appellant's arrest on June 29, 1975, police arrested one Walter Prokopchak, Jr., who had in his possession 250 pounds of marihuana. Prokopchak told police that he had, earlier that same day, "fronted" 20 pounds of marihuana to a man named "Mac", whose first name was either Denny or Danny. Police then procured a search warrant for certain premises, including house, outbuildings, and curtilage, in Fairmont Township where Dennis William McArdle was believed to be in possession of the "fronted" marihuana. As police neared the subject premises to execute the search warrant, they noticed through field glasses, prior to entering upon the property, a garden near the house, containing a wide variety of vegetables and other plants, including marihuana plants, and observed Mr. and Mrs. McArdle and Mr. and Mrs. Keblitis performing general gardening duties, but not amongst the marihuana. A search of the house revealed caches of marihuana in a piano and in a kitchen cupboard, totalling approximately 410 grams. The house had two bedrooms, each having sleeping accommodations for two persons, and each containing men's and women's clothing. Sixty marihuana plants were seized from the garden.

■ We regard this evidence as insufficient to support appellant's conviction for manufacturing marihuana. Although appellant was present in the garden, there is no evidence that he performed any act with respect to the marihuana plants, and, indeed, no evidence that he was even aware of the presence of such contraband. Nor indeed did

*any* testimony indicate that he *ever* entered the portion of the garden where marihuana was found. There was no evidence from which appellant's awareness of the marihuana caches within the house might properly be inferred, and, furthermore, no competent evidence that appellant even resided in the house. The clothing discovered in the bedrooms was not shown to be appellant's; nor was any other item found in the house linked to his use or ownership. The trial court offered the Commonwealth an opportunity to reopen its case to present evidence that appellant was a resident of the house,[4] but the Commonwealth declined to offer such proof.

 It is well established that a showing of *mere* presence at the scene of a crime is insufficient to support a conviction: evidence indicating participation in the crime is required. *Commonwealth v. Thomas,* 450 Pa. 125, 299 A.2d 226 (1973); *Commonwealth v. Tirpak,* 441 Pa. 534, 272 A.2d 476 (1971) (marihuana possession). The discovery of contraband substances in close proximity to a defendant, in a location equally accessible to others, cannot alone support a conviction. *Id.; Commonwealth v. Schuloff,* 218 Pa. Super. 209, 275 A.2d 835 (1971). In the instant case, the Commonwealth attempted to establish appellant's guilt of marihuana growing merely by proof of his having been very near the scene where such was being grown. Appellant's mere presence in the garden of a residence not proven to be his own, under circumstances rendering it clear that the marihuana plants therein were equally accessible to be grown by *at least* three other persons, to wit the three codefendants, is insufficient to establish guilt beyond a reasonable doubt.

Judgment of sentence reversed and appellant discharged.

McDERMOTT, J., would order a new trial.

4. The opportunity to reopen was afforded because of a misunderstanding as to the scope of a stipulation regarding incorporation of suppression hearing testimony into the trial record.