459 A.2d 11

## COMMONWEALTH of Pennsylvania

v.

## Milton JONES, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 19, 1983.

Filed April 22, 1983.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence was insufficient to support his conviction for burglary, theft by unlawful taking, receiving stolen property, and conspiracy. Because we find that the Commonwealth showed nothing more than appellant's mere presence at the crime scene, we must

reverse the judgments of sentence of the lower court and order appellant discharged.

Appellant was arrested on June 10, 1980 and charged with various offenses arising out of the burglary of his neighbor's home. Following a non-jury trial, appellant was found guilty of all charges. The lower court denied post-trial motions and sentenced appellant to two years non-reporting probation, prompting this appeal.

█ In reviewing challenges to the sufficiency of the evidence, the test is whether, "viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt." *Commonwealth v. Keblitis*, 500 Pa. 321, 323, 456 A.2d 149, 150 (1983). So viewed, the facts are as follows:

On June 10, 1980, at approximately 12:45 p.m., Reverend Harold Wallis left his locked Philadelphia rowhome. Forty-five minutes later, his adjoining neighbor, Beatrice Woodall, resting upstairs in her front bedroom heard a "heavy thump" toward the rear of her home. She went downstairs to investigate, found nothing out of the ordinary in her backyard, and returned to bed. Shortly thereafter, she heard footsteps emanating from the second floor of Wallis' house. She went to her front window and saw that Wallis' car was not there. She then proceeded to her back window and observed appellant, Wallis' adjoining neighbor on the other side, and another young man, walking in Wallis' enclosed back yard toward the rear fence. Ms. Woodall noticed that appellant was carrying something under his arm. Both men climbed upon the concrete fence separating all the properties from the rear alley, jumped into appellant's yard and walked into appellant's house. Wallis returned home at 2:30 p.m. and discovered that his rear basement window had been knocked in and that two movie cameras, several bottles of whiskey, jewelry, and a coin collection were among the items missing.

■■■ "Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly on circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture." *Commonwealth v. Roscioli,* 454 Pa. 59, 62, 309 A.2d 396, 398 (1973) (footnotes omitted). *See Commonwealth v. McCormick,* 304 Pa.Superior Ct. 321, 323, 450 A.2d 701, 702 (1982). "It is well established that a showing of *mere* presence at the scene of a crime is insufficient to support a conviction: evidence indicating participation in the crime is required." *Commonwealth v. Keblitis, supra,* 500 Pa. at 324, 456 A.2d at 151. *See Commonwealth v. Goodman,* 465 Pa. 367, 350 A.2d 810 (1976) (defendant emerging from common doorway of meatstore and apartment late at night shortly after man carrying box of frozen meat, and then fleeing at sight of police—held insufficient); *Commonwealth v. Roscioli, supra* (police responding to burglary call find defendant and two youths by phonebooth next to store window with glass removed who flee at sight of police—held insufficient); *Commonwealth v. Beauford,* 286 Pa.Superior Ct. 297, 428 A.2d 1000 (1981) (defendant and two males facing jimmied door with smashed window at closed beer distributor at 1:30 a.m. flee at sight of police—held insufficient); *Commonwealth v. Johnson,* 272 Pa.Superior Ct. 375, 415 A.2d 1246 (1979) (defendant facing freshly jimmied door with screwdriver still wedged tight and brother facing opposite way, both walk away upon sight of police—held insufficient); *Commonwealth v. Smith,* 264 Pa.Superior Ct. 303, 399 A.2d 788 (1979) (defendant observed standing near apartment window seconds after it had been smashed and then walking away—held insufficient). Here, there is no direct evidence that appellant pushed in the window, entered the house and stole the various items. The Commonwealth's evidence merely places appellant and another individual in his neighbor's enclosed yard at the approximate time of the burglary.[1]

1. That appellant held an unidentified object under his arm while leaving the yard does not dispel the reasonable doubts. Ms. Woodall testified that appellant held the item under one arm while scaling a

The Commonwealth has failed to offer any evidence indicating that appellant participated in the crime and thus, has failed to prove his guilt beyond a reasonable doubt.[2] Accordingly, we must reverse the judgments of sentence and order appellant discharged.

Judgments of sentence reversed and appellant discharged.

CAVANAUGH, J., notes dissent and would affirm on the opinion of the lower court.

five foot high concrete wall, but his companion was empty-handed. Appellant's actions are more consistent with his entering the yard to retrieve something dropped over the wire fence separating the yards than with carrying away the bottles, cameras and other fragile and bulky items taken in the burglary.

2. The lower court's reliance upon *Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A.2d 805 (1972) and *Commonwealth v. Viall,* 278 Pa.Superior Ct. 613, 420 A.2d 710 (1980) is misplaced. In *Cimaszewski,* police responding to a "burglary-in-progress" call heard noises inside a real estate office. Two men ran from the rear of the building into an alley. The police captured defendant's brother coming from the alley, heard defendant climbing over fences behind the office, and then discovered him atop a shed three lots away. The Supreme Court held that the relationship of the suspects, and defendant's presence at the scene and flight to a nearby roof were sufficient to remove any reasonable doubt. In *Viall,* an officer responding to a "burglary-in-progress" call heard footsteps on the roof of the store and went back outside to investigate. He saw the defendant trying to lower himself from the roof. Upon seeing the officer, however, the defendant fled over the rooftops. This Court held that the defendant's late night presence on the roof of a closed store, his flight from police and the large hole cut in the store's roof were sufficient for the factfinder to infer guilt. Here, however, no evidence indicates either flight or presence in a particularly unusual place at a suspicious time. Rather, appellant was seen walking from his next door neighbor's yard during broad daylight. Accordingly, we find *Cimaszewski* and *Viall* inapposite.