485 A.2d 1102

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Craig JACKSON, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 25, 1984.

Decided Dec. 18, 1984.

470

Eric B. Henson, Deputy District Atty., Thomas Quinn, Asst. District Atty., for appellant.

Stanley P. Stern, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

The Commonwealth appeals the Superior Court's reversal of the judgments of sentence imposed upon the appellee,

Craig Jackson.[1]  On July 3, 1981, the appellee was convicted by Philadelphia Common Pleas Court Judge Stanley L. Kubacki, sitting without a jury, of robbery[2] and conspiracy.[3]  The sole issue is whether there was sufficient evidence to support the convictions.  We reverse.

The complainant, Thomas Mingo, testified that he was getting off a trolley in Philadelphia when he was kicked by the appellee who then, along with a group of at least seven others, followed the complainant from the trolley.  As the complainant turned toward the group, the appellee punched him.  The rest of the group jumped him, rifled his jacket pockets, and tried to take his gold chain necklace.  During the melee his eye glasses fell off.  One of the group grabbed his glasses and all of them, including the appellee, ran back onto the trolley.  The complainant summoned a police officer who stopped the trolley and arrested the appellee and two others after they were identified by the complainant as three of his assailants.  The victim was taken to the hospital where he was treated for a cut on his face.

The appellee testified on his own behalf and confirmed that an altercation took place between him and the complainant.  However, he claimed that the complainant threw the first punch and he denied that anyone else was involved.  He denied knowing what happened to the complainant's glasses.[4]  Two friends of the appellee essentially corroborated his testimony.

Where a defendant challenges his conviction on appeal the test of sufficiency of evidence is whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the

1.  Superior Court's opinion is reported at 316 Pa.Super. 553, 463 A.2d 1036 (1983).

2.  Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended by Act of June 24, 1976, P.L. 425, No. 102, § 1; 18 Pa.C.S. § 3701.

3.  Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended by Act of April 28, 1978, P.L. 202, No. 53, § 7(2); 18 Pa.C.S. § 903.

4.  Immediately prior to the preliminary hearing, the appellee's sister approached the complainant, returned his glasses to him, and asked him to drop the charges against her brother.  (N.T., trial, 44–45.)

Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. *See, Commonwealth v. Macolino,* 503 Pa. 201, 469 A.2d 132 (1983); *Commonwealth v. Tribble,* 502 Pa. 619, 467 A.2d 1130 (1983); *Commonwealth v. Keblitis,* 500 Pa. 321, 456 A.2d 149 (1983); *Commonwealth v. Kennedy,* 499 Pa. 389, 453 A.2d 927 (1982); *Commonwealth v. Lovette,* 498 Pa. 665, 450 A.2d 975 (1982).

Appellee was convicted of that part of the robbery statute which states:

(a) Offense defined.—

(1) A person is guilty of robbery if, in the course of committing a theft, he:

.    .    .    .    .

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

.    .    .    .    .

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.[5]

In addition, Judge Kubacki found him to be guilty of conspiracy.

(a) Definition of conspiracy.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.[6]

5.  18 Pa.C.S. § 3701.
6.  18 Pa.C.S. § 903.

■ Because it is difficult to prove an explicit or formal agreement by direct evidence, a conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties. Overt acts of alleged co-conspirators are competent as proof of the conspiracy. *Commonwealth v. Kennedy, supra; Commonwealth v. Dolfi,* 483 Pa. 266, 396 A.2d 635 (1979).

The majority of the Superior Court panel found no evidence that appellee intended to commit or attempted to commit a theft, and they likewise found it unlikely that he exited the trolley with the intent to steal a pair of eye glasses.

Such considerations are for the factfinder alone and not conusable in the austere, dry precincts of appellate courts. What may appear unlikely to a reviewing court cannot supplant what the factfinder has found. Criminal motivations need neither be found nor explicated, they are puzzles best solved, where possible, by those who see and hear the personae of the event. A reason why, helpful as it may be, is not necessary to establish a thing done. The factfinder may read what motives he will from the events proved. One of the most unreliable gauges of human conduct is to compare criminal motivation to what reasonable men might do. Were the occasions less serious, the acts of criminals and their motivations are often fit for slapstick comedy. Their darker motives when uncovered, reveal primitive layers of yet unextinguished ferocities for which there are few civilized comparisons.

■ An examination of the record convinces that the factfinder had more than sufficient evidence to show that the appellee and his accomplices assaulted the victim with the intent to steal his gold chain, his glasses, and whatever happened to be in his pockets. That they were able to get away with only his eye glasses does not negate or diminish the crime. Even though there was no evidence that appellee himself picked up the glasses, he is criminally respon-

sible for the acts of his co-conspirators committed in furtherance of the conspiracy. *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976); *Commonwealth v. Bryant*, 461 Pa. 309, 336 A.2d 300 (1975). *See also*, 18 Pa.C.S. § 306.

■ In reviewing the record, it is clear to us that Judge Kubacki, sitting as factfinder, believed the testimony of the victim and rejected as unbelievable the testimony of the appellee and his friends. Such a determination is within the sole province of the trier of fact who is free to believe all, part, or none of the evidence. *Commonwealth v. Guest*, 500 Pa. 393, 456 A.2d 1345 (1983); *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980).

The majority of the panel below improperly substituted its judgment for that of the trial judge sitting as factfinder. This they were not permitted to do. *Commonwealth v. Council*, 491 Pa. 434, 421 A.2d 623 (1980); *Commonwealth v. Smith*, 490 Pa. 374, 416 A.2d 517 (1980).

The order of the Superior Court is reversed and the judgment of the Court of Common Pleas of Philadelphia County is reinstated.