492 A.2d 48

**COMMONWEALTH of Pennsylvania**

v.

**Lori B. KEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 18, 1985.

Filed April 26, 1985.

32

William F. Ochs, Jr., Public Defender, Reading, for appellant.

George C. Yatron, District Attorney, Reading, for Commonwealth, appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, Lori B. Key, takes this appeal from her conviction on charges of theft by unlawful taking or disposition, receiving stolen property, and criminal conspiracy. Appellant raises but one issue for our consideration: Whether the evidence was insufficient to convict appellant, in that the Commonwealth proved only appellant's mere presence at the scene. Finding the evidence to fall far short of that needed to support appellant's conviction beyond a reasonable doubt, we agree with appellant and hereby reverse all convictions and order appellant discharged.

Reviewing the evidence in the light most favorable to the Commonwealth, as verdict winner, the record discloses the following: On October 20, 1982, at 3:00 p.m., appellant began working her shift at the David Crystal warehouse in Reading. Appellant was folding and bagging in a department with fifteen other people. The other three individuals who were arrested with appellant later that day were working in departments different from appellant. John Thomas was working on the loading docks, Pamela Green was

working in the shipping department, and Randolph Simmons was carrying boxes to the workers in the shipping department. At 6:30 p.m., while the night shift was working, the manager of security for the warehouse, David Valleau, made a complete check of the outside of the facility, including the trash bins, and did not see any merchandise hidden outside the building.

At 7:00 p.m., all of the employees in the warehouse were permitted to leave the plant to go out to eat lunch, although they had to be back by 7:30 p.m. During lunchbreak, at approximately 7:20 p.m., William Girton, a security guard for David Crystal, was sitting in his car, which was parked across the street from the warehouse, when a car with two women in the front seat drove by him. Girton did not notice if anyone was seated in the back. Girton's attention was again drawn to the car when he saw it leave one of the parking lots at the warehouse and drive into the adjacent lot. Girton observed the car come to a stop and then saw two men, later identified as Simmons and Thomas, get out of the back seat and run up to the building. From where he sat, Girton could see that the men went to an area near the loading dock where they got two boxes. In a matter of seconds, the men ran back to the car. Girton called for assistance over a walkie-talkie to another security guard, Charles Johnson. When Girton and Johnson converged on the vehicle, one of the two male suspects had already entered the back seat of the car. (The record does not disclose whether this was Simmons or Thomas.) The other man was in the process of getting into the car. The car was a two-door model, and Girton and Johnson saw that appellant, who was in the passenger seat, was pulling the seat back forward to allow the men to enter. Pamela Green was behind the wheel.

The boxes taken by Simmons and Thomas were of a type generally available throughout the warehouse and could be obtained without special permission. Both boxes were closed and one box had no labels at all on the outside. The other had a label which indicated that the contents were

supposed to be the bottom half of other smaller boxes used in packing.

Appellant took the stand at and testified that on the day in question she rode into work with Pamela Green, in Green's car. On the lunchbreak, appellant and Green went out together in Green's car. They ate their lunch at a fast-food place only a few minutes away from work, and were back at the parking lot of the David Crystal warehouse at about 7:15 p.m. There they encountered Simmons and Thomas, who asked the women if they could all go for a ride. The women agreed and allowed the men to get into the car. No sooner had Green pulled out of the lot than Thomas said that he had to go to the bathroom, so Green pulled into the lot on the other side of the warehouse and stopped near the building. The men then got out of the car and went down an embankment near the loadingdock. Within a short time, the men came running back with two boxes and immediately got into the car. Appellant denied that she assisted the men in getting into the car.

On the above evidence, the jury convicted appellant of theft by unlawful taking or disposition, receiving stolen property, and criminal conspiracy. Appellant argues, both here and in the trial court, that the Commonwealth proved only appellant's mere presence at the scene. We must agree with appellant.

Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in a proper case rely upon wholly circumstantial evidence, a conviction must be based upon more than mere suspicion or conjecture. *Commonwealth v. Jones*, 312 Pa.Super. 496, 459 A.2d 11 (1983). Evidence of something more than mere presence at or near the scene of the crime is required to justify a conclusion that someone committed or participated in a crime. *Commonwealth v. Stores*, 317 Pa.Super. 109, 463 A.2d 1108 (1983). When evidence is as consistent with innocence as it is with guilt, a conviction may not stand. *Commonwealth v. Davis*, 312 Pa.Super. 85, 458 A.2d 248 (1983); *Commonwealth v. Monville*, 306 Pa.Super. 323, 452

A.2d 747 (1982). For example, in *Commonwealth v. Tilman*, 273 Pa.Super. 416, 417 A.2d 717 (1980), we held that where the record established only that the defendant was in the general vicinity shortly before the theft, and about a half hour afterward was found riding as a passenger in the front seat of a car which had stolen articles in the back seat, the evidence was insufficient to prove defendant's participation in the criminal activity beyond a reasonable doubt. We noted that while the evidence raised a possibility or even a strong suspicion of the defendant's participation, this was not enough to warrant submission of the case to the jury. *See also Commonwealth v. Scudder*, 490 Pa. 415, 416 A.2d 1003 (1980) (fact that defendant was a passenger in a van which had stolen property in the back, along with paint used for painting van's side windows, and that the operator attempted to avoid police, was insufficient to support conviction of defendant for receiving stolen goods).

In the instant case, the Commonwealth proved only that appellant was present at the time of the theft. No one saw appellant with either of the two males, who actually did the stealing, at any time except in the parking lot immediately before the theft. By testimony of the Commonwealth's own witness, the crime was over in a matter of seconds. The boxes, which were closed at the time, gave no indication from their outside of the stolen contents. There is simply no evidence of appellant's participation in the conspiracy among the other suspects, nor is there evidence showing her receipt of the stolen goods or her taking part in the theft. It would appear that the instant conviction is a case of guilt by association. For this reason, we would reverse and discharge appellant on all counts.

Reversed and appellant is discharged on all counts.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent. Although the evidence of appellant's participation in the crime is scant, I would hold that

36

the evidence was sufficient to convict and affirm the judgment of sentence.

The majority misapprehends the standard of review: we must view the evidence in the light most favorable to the Commonwealth, as verdict winner, as well as all reasonable inferences therefrom to determine whether that evidence is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Smith*, 283 Pa.Super. 360, 423 A.2d 1296 (1981). The issue in this case is not, as the majority states, whether the evidence was insufficient to convict appellant, "in that the Commonwealth proved only appellant's mere presence at the scene." Rather, we must view all the evidence and inferences which the jury, as finder of fact, reasonably may have considered in determining appellant's guilt. Our consideration must be guided by our traditional deference to the jury and its unique opportunity to observe the demeanor of witnesses and the subtle interplay of circumstantial evidence in this case.

In the light most favorable to the Commonwealth, I submit that the record shows that a car carrying four employees of David Crystal pulled into a lot adjacent to the warehouse. Two men got out of the back seat and ran up to the building. A security guard observed the men going to an area near the loading dock and retrieving two boxes. Seconds later, the men ran back to the car. As security converged on the car, one man had already climbed into the back seat. The appellant, in the front passenger seat, was pulling the seat forward to allow the second man to enter.

I believe the jury reasonably may have inferred from the evidence, including appellant's own testimony, that all four passengers participated in the theft. The appellant, as an employee of David Crystal, may reasonably be expected to know that employees do not innocently run to a loading dock, seize several company boxes, and run back to the car. The appellant's action in assisting the men climb into the back seat is substantially more than the mere presence in the general vicinity found non-culpable in *Commonwealth v. Tillman*, 273 Pa.Super. 416, 417 A.2d 717 (1980). Appel-

lant's action was substantially more than sitting passively as a passenger. *Commonwealth v. Scudder*, 490 Pa. 415, 416 A.2d 1003 (1980). The accumulated circumstantial evidence allows the inference that appellant had reasonable cause to know that the boxes were stolen, allowing a final inference that she knew the boxes were stolen. *Commonwealth v. Phillips*, 258 Pa.Super. 109, 392 A.2d 708 (1978).

In so far as appellant's testimony contradicted that of the security guards as to whether she assisted the men in getting into the back seat, a question of credibility was presented for the jury. *Commonwealth v. Lybrand*, 272 Pa.Super 475, 416 A.2d 555 (1979). Ultimately, the issue of credibility which pervaded this trial was resolved against appellant. This court should not presume to substitute its judgment for the conviction of those who observed the trial first hand.

I would affirm the judgment of sentence.