513 A.2d 476

**COMMONWEALTH of Pennsylvania,**

v.

**Michael Kenyatta JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1986.

Filed Aug. 7, 1986.

Arthur H. James, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

This appeal, the last of the trilogy, comes to us from the judgment of sentence after a verdict of guilty, returned by a jury against appellant on charges of murder in the third degree, robbery and conspiracy. On appeal, appellant alleges: first, that there was insufficient evidence to support a conviction for conspiracy to commit murder and/or robbery; second, that the trial court erred in refusing to grant counsel's requested points of charge; and third, that the prosecutor's closing argument was so inflammatory that appellant was denied a fair and impartial trial. After a careful review of case law and facts, we reverse the judgment of sentence on the grounds of insufficient evidence.

The facts, as taken from the trial court, reveal the following. On Saturday, July 9, 1983, at approximately 2:00 a.m., seventeen-year-old Thomas Murphy was shot while riding his ten-speed bicycle in the 7200 block of Woodland Avenue in West Philadelphia. In an effort to avoid his attackers, Murphy continued to pedal his bike crossing the city line into Darby, Delaware County. At a distance of approximately 900 feet from the point of attack, Murphy crashed into a parked car and collapsed to the ground. Cynthia Leonard observed the victim as he rode past her apartment building on Main Street in Darby. Leonard ran over to Murphy .when he crashed into the car and observed two bullet holes in his body. Leonard also heard Murphy state, "A Nigger shot me." (N.T. 306, 1–10–84).

Murphy was rushed to Fitzgerald Mercy Hospital where he was pronounced dead approximately three hours after the attack. An autopsy performed by the Delaware County Medical Examiner, Dr. Dimitri Contostavlos, on July 9, 1983, revealed the cause of death to be loss of blood due to

two gunshot wounds to the trunk. The manner of death was ruled a homicide.

At trial, the Commonwealth's evidence established that at approximately 2:00 a.m. on July 9, 1983, Thomas Murphy left the house of his girlfriend, Colleen Doogan, located in the 6100 block of Wheeler Street, and began to pedal home on his bicycle. (N.T. 302–303, 1–10–84). At approximately the same time, the defendants Joseph Council, Michael Upchurch and Michael Johnson, along with one Mary Alice Smith, were exiting the Birthday Bar located at 7250 Woodland Avenue. (N.T. 231–233, 1–10–84). Upon observing Murphy on the bicycle, defendant Council stated, "Here comes a white boy. Let's get him." (N.T. 205, 337, 1–10–84). Shortly after these words were uttered, defendant Upchurch pulled out a revolver and fired two shots at Murphy, striking him in the chest and in the back. (N.T. 425, 1–11–84). As the victim continued to ride away, all three defendants, as well as Mary Alice Smith, fled the scene.

Acting on information supplied by Smith, the police obtained arrest warrants for the defendants. Michael Johnson and Joseph Council were arrested on July 22, 1983. Michael Upchurch was apprehended on the following day, July 23, 1983.

Defendant Johnson was charged under September Term, 1983: no. 639 criminal conspiracy; no. 640 possession of an instrument of crime, generally; no. 641 robbery; no. 642 involuntary manslaughter; and no. 643 murder, voluntary manslaughter.

On January 9, 1984, upon being arraigned, defendants pleaded not guilty as to all bills. The jury, having been duly impanelled, was sworn and/or affirmed and the trial proceeded before the Hon. Albert F. Sabo.

The jury returned a verdict against defendant Johnson of guilty, murder in the second degree; guilty, robbery; guilty, criminal conspiracy; and not guilty, possession of an instrument of crime. Sentencing was deferred pending the

disposition of post-trial motions. Presentence investigations and psychiatric evaluations were ordered.

On September 24, 1984, after argument, defendant Johnson's post-verdict motions were denied and he was sentenced on bill no. 643 to not less than ten nor more than twenty years at the State Correctional Institution at Graterford; on bill no. 641 to not less than ten nor more than twenty years to run consecutive to bill no. 632; and on bill no. 639 to not less than five nor more than ten years to run consecutive to bill no. 641. Johnson was also assessed $15.00 towards the Victim's Compensation Fund. This appeal followed.

The test for evaluating the sufficiency of the evidence in a criminal case is whether, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner and drawing all reasonable inferences therefrom upon which the jury could properly have based its verdict, there is sufficient evidence to enable the trier of fact to find beyond a reasonable doubt every element of the crime of which the appellant has been convicted. *Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980); *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Thomas*, 465 Pa. 442, 350 A.2d 847 (1976); *Commonwealth v. Loar*, 264 Pa.Super. 398, 399 A.2d 1110 (1979).

■ Applying this standard, we find the evidence insufficient to render the appellant guilty of the crimes for which he was accused. As this Court has previously stated, mere presence at the scene of the crime or near it cannot be sufficient to establish guilt. *Commonwealth v. Frey*, 264 Pa.Super. 212, 399 A.2d 742 (1979). The evidence at trial establishes nothing more than that—mere presence on the part of appellant. We find no testimony that sustains the proposition that appellant did anything criminal. Instead, there was exculpatory and not incriminatory evidence. Before and during the actual crime, appellant played no active role. Rather, he was passive. We cannot, no matter how horrendous the crime, convict a man who did not actively

participate, but merely watched as the crime took place. We need something more, which is missing from the present case.

■ The Commonwealth argued the existence of a conspiracy and the theory of accomplice liability. In proving this, however, there was no overt evidence of an agreement that included Johnson in which he assented to go along with the commission of the crime. While it is true that a conviction may be based on circumstantial evidence alone, it may not be based solely on inference, suspicion and conjecture. *Commonwealth v. Frey, supra.* That is precisely what was done in this instance. We, therefore, are obligated to reverse appellant's conviction.[1]

Judgment of sentence reversed. Jurisdiction relinquished.

---

1. We question whether the district attorney should have considered the possibility of charging appellant with other crimes consistent with his actions there.