514 A.2d 633

**In the Interest of Andre LaMORE, A Minor.**

**Appeal of Andre LaMORE, A Minor.**

Superior Court of Pennsylvania.

Submitted April 21, 1986.

Filed Sept. 5, 1986.

Mitchell A. Kaufman, Assistant Public Defender, Pittsburgh, for appellant.

Before McEWEN, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the Order entered October 23, 1985, in the Court of Common Pleas of Allegheny County, committing the appellant to the Youth Development Center at New Castle, Pennsylvania. Because the evidence was insufficient to support an adjudication of delinquency we reverse the trial court's order and discharge the appellant.

A delinquency petition was filed against the appellant on September 26, 1985, charging him, along with a co-defendant, with receiving stolen property, 18 Pa.C.S.A. § 3925; unauthorized use of an auto, 18 Pa.C.S.A. § 3928; conspiracy, 18 Pa.C.S.A. § 903; and leaving the scene of an accident, 75 Pa.C.S.A. § 3745. The charges resulted from the theft of a Trans Am Pontiac automobile in the City of

Pittsburgh. Appellant was previously adjudicated delinquent on September 23, 1985, of failure to adjust in an institution, however, disposition was deferred to October 23, 1985, pending a hearing on the September 26, 1985 petition. Upon dispositional hearing held on October 23, 1985, the appellant was committed to the Youth Development Center at New Castle.

On appeal, the appellant contends and the Commonwealth agrees, that there was insufficient competent evidence to support the adjudication of delinquency.

Judge Smith made appropriate reference to the Commonwealth's burden and this court's scope of review of the sufficiency of the evidence when she wrote in her opinion:

> The Court is mindful of the requirements in juvenile proceedings which by law are to be conducted in an informal but orderly manner (42 Pa.C.S.A. § 6336), and in viewing the sufficiency of evidence to sustain an adjudication, the test enunciated by our Courts is: "... whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt ... The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence ..." *Com. v. Shirey*, [333 Pa.Super. 85], 481 A.2d 1314, 1343 (Pa.Super.1984). *Cf. In Re Johnson*, [445 Pa. 270], 284 A.2d 780 (Pa.Super.1971), and *Com. v. Jones*, [300 Pa.Super. 338], 446 A.2d 644 (Pa.Super.1982).

Appellant acknowledges that sufficient evidence was adduced at his delinquency hearing to support the trial court's finding that the offense charged had been committed however, appellant contends that the evidence adduced was insufficient to establish him as the perpetrator.

The opinion of the court below, written without the aid of a hearing transcript, offers a substantially accurate account of the evidence adduced at the hearing. While the opinion reflects that the eyewitness to the accident produced" ... a

description of the driver later identified through investigation as Andre LaMore.", the eyewitness' testimony offered no description of the appellant.

On the record before us, only hearsay evidence, the information provided by the informant to the investigating officer, links appellant to the conduct which formed the basis for the delinquency adjudication. Therefore, the evidence was insufficient to support the adjudication. *In Re: Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Commonwealth v. McNaughton,* 252 Pa.Super. 302, 381 A.2d 929 (1977).

Order reversed. Appellant is discharged.