524 A.2d 976

COMMONWEALTH of Pennsylvania

v.

Ralph C. BLANKENBILLER, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 13, 1987.

Filed April 28, 1987.

478

Lawrence J. Hracho, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Com., appellee.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

CIRILLO, President Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Berks County. After a jury trial, appellant, Ralph Blankenbiller was found guilty of "owning, controlling, managing, supervising or otherwise keeping, alone or in association with others, ... a prostitution business." 18 Pa.C.S. § 5902(b)(1). The defendant was sentenced to a period of incarceration of three to twelve months. We reverse.

On appeal, the appellant presents four issues for our review: (1) whether the evidence presented was sufficient to sustain a verdict of guilty; (2) whether there was sufficient evidence linking the defendant with the alleged prostitution to establish a prima facie case against him in order to deny the writ of habeas corpus; (3) whether the trial court abused its discretion in charging the jury with the lesser included offense of criminal attempt to promote prostitution when neither party had notice of such a charge; and (4) whether the trial court erred in permitting hearsay testimony under the co-conspirator exception to the hearsay rule. Because we find for the appellant on the first issue, we need not review the other issues.

Appellant argues that the evidence was insufficient to sustain a conviction of promoting prostitution. The standard of review for sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences in their favor, the trier of fact could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt. *Commonwealth v. Syre*, 507 Pa. 299, 305, 489 A.2d 1340, 1342 (1985).

On June 3, 1984, there was a large party at the recently closed restaurant known as Rasputin's in West Lawn, Berks County, Pennsylvania. The party was for the benefit of Rasputin's softball team. The appellant had paid for the

team uniforms several months before the party. The $15 ticket for admission to the party entitled each purchaser to beer, snacks and a go-go dancer show. Two undercover state troopers from the vice squad attended the party after purchasing tickets for the event at the Tenth and Marion Cafe in Reading. The appellant was an officer in corporations that owned both Rasputin's Restaurant and the Tenth and Marion Cafe.

At trial, the state troopers testified that in the course of the afternoon's entertainment there were continuing announcements over the speaker system to the effect that sex was available for money. The appellant was seen in the vicinity of the speaker system during some of the announcements. Two of the nine women who attended the party also testified at the trial. Buffy St. Clair, the woman who ran a booking agency for the go-go dancers, stated that she had hired four women to do the dancing at $150 each and that she was paid $100 for making the arrangements and acting as a hostess. She brought four other women along for purposes of prostitution. The second woman who testified stated that she had turned two "tricks" that afternoon and that she had the responsibility of collecting $5 per trick from each of the other girls. The money was to be used to benefit the softball team. She also testified that she did not give the money to the appellant, nor did she even know who he was.

In order to sustain the conviction for promoting prostitution, this Court must be satisfied that the evidence was sufficient to convince the jury beyond a reasonable doubt that the Commonwealth proved: (1) that there was a prostitution business; and (2) that the accused had a connection with the "running, control, supervision or keeping of the prostitution business." 18 Pa.C.S. § 5902(b). We find that the Commonwealth has met its burden of proving, beyond a reasonable doubt, that there was a prostitution business in progress on the afternoon of June 3, 1984. Our Supreme Court has defined prostitution as "sexual relations for hire." *Commonwealth v. Miller*, 469 Pa. 24, 28, 364

A.2d 886, 887 (1976). Furthermore, this court has found that a "business" is "a commercial activity engaged in for gain." *Commonwealth v. Potts,* 314 Pa.Super. 256, 271, 460 A.2d 1127, 1135 (1983) (defendant who agreed to engage in sexual activity and accepted an advance payment of $140 was engaged in prostitution as a business). However, we find that the evidence is not sufficient to prove beyond a reasonable doubt that the appellant had a connection with the "running, control, supervision or keeping" of that business.

Though it is clear that a prostitution business was operating at the date and time in question, the Commonwealth did not prove that the appellant received any income from the business. While a criminal conviction may rest upon wholly circumstantial evidence, it may not be based upon mere surmise or conjecture. *Commonwealth v. Stores,* 317 Pa. Super. 109, 117, 463 A.2d 1108, 1112 (1983).

Appellant alleges that he was merely present at the scene of the offense. The mere presence of a person at the scene of a crime does not establish that person's guilt. *Commonwealth v. Smith,* 490 Pa. 374, 377, 416 A.2d 517, 518 (1980). There must be additional facts which point to that individual's active participation in the crime. *See, e.g., Commonwealth v. Juliano,* 340 Pa.Super. 501, 490 A.2d 891 (1985) (mere presence of appellant in car containing closed satchel of controlled substance, is not strong factor indicative of guilt); *Commonwealth v. Carter,* 329 Pa.Super. 490, 478 A.2d 1286 (1984) (mere presence at scene of crime is insufficient to support conviction; evidence indicating participation in the crime is required); *Commonwealth v. Olds,* 322 Pa.Super. 442, 469 A.2d 1072 (1983) (neither mere presence at scene of crime nor mere association with perpetrator is sufficient to infer participation in crime).

The Commonwealth presented the following evidence as proof of the appellant's active participation in the crime: (1) one month before the party the appellant was president and director of the company that owned the property where the party took place; (2) the appellant was president and secre-

tary of the company that owned the Tenth and Marion Cafe in Reading where the party tickets were on sale preceding the event in question; (3) a number of months before the party the appellant had paid for uniforms for the softball team, the organization that benefitted from the proceeds of the event; (4) the appellant was seen taking a roll of money from one of two men who spoke with him in the parking lot; (5) the appellant was seen selling one ticket; (6) the appellant helped two of the girls carry their bags into the building before the party; and (7) the appellant was present when the announcements of girls for hire were made. Even when viewed as a unit, these facts do not support appellant's conviction.

■ It is unreasonable to infer, from the fact that he either had allowed the party organizers to sell tickets at the restaurant or had allowed the use of the property for the party, that the appellant ran, controlled, supervised, or kept a prostitution business at the party. The Commonwealth did not produce any evidence that appellant told anyone that prostitutes would be available at the event. Nor has it been shown that he personally made any of the "arrangements" with the women in question. The Commonwealth also failed to demonstrate that he took part in any way in the illicit activities on the day of the party. The evidence shows only that the appellant was present while the crimes took place and that he had helped promote the party. These facts do not make him criminally responsible for everything that occurred at the event. As discussed above, mere presence does not establish guilt. *Smith*, 490 Pa. at 377, 416 A.2d at 518.

■ The Commonwealth's additional evidence that allegedly links the appellant to the prostitution activities was the testimony by Chief of Police Schlegel of Spring Township. He and one of his officers had watched the entryway to Rasputin's from the first floor of a neighboring house, which was about fifty-five feet away. He stated that with the use of binoculars he had observed the appellant outside the door of Rasputin's from 1:30 to 5:30 p.m., except for a few brief periods when the appellant went inside. On one

occasion, Schlegel saw the appellant take a ticket from someone. At 3:45 p.m. he saw the appellant talk to two men in the parking lot, take a roll of bills from one of the men, and place the money in his truck. There was no evidence indicating why this money was given to the appellant nor was there any evidence as to the identity of the two men. The woman who collected the $5 kickbacks from the girls for the softball team testified that she collected the money from the "early afternoon until 5:00." If she turned over the kickback money at 5:00 p.m., it was one hour and fifteen minutes after the troopers saw a man give the roll of money to the defendant. This evidence does not merit the inference that the money received was from the prostitution activities. *See Commonwealth v. Robertson*, 178 Pa.Super. 281, 288, 116 A.2d 224, 228 (1955) (court found evidence insufficient to prove acceptance of bawd money where girl testified that before she went upstairs to have intercourse with a man she saw him hand some money to defendant). It is at least equally reasonable to infer that the money that was given to the appellant was the proceeds from the ticket sales, a rental fee for the premises, or a reimbursement for food and drink. *See Commonwealth v. Key*, 342 Pa.Super. 31, 34, 492 A.2d 48, 49 (1985), (A conviction will not stand when the circumstantial evidence is as consistent with innocence as it is with guilt.)

■ The Commonwealth asserts that the appellant's active involvement in the prostitution business can be inferred from the fact that he helped two of the girls carry their bags from the car into the building and from the fact that he was present during the microphone announcements of "sex for hire." One could reasonably infer that appellant knew that the girls were there for dancing; it is likely that this fact was known by anyone attending the party. This inference, however, does not logically lead to the conclusion that appellant had something to do with the arrangements for the prostitution business. The "hostess," who knew the appellant previously, stated that she had made the party arrangements with Chip Savini, who was the manager of the softball team. Both of the women who testified stated

that the girls themselves told the guests that sex was available, that the appellant had not made any of the announcements on the public address system, and that none of the entertainment arrangements, including the prostitution arrangements, had been made with the appellant.

Upon close examination, it is apparent that the Commonwealth's entire case is built upon a fragile house of cards, supported by surmise, conjecture and far-fetched inferences. *See Stores*, 317 Pa.Super. at 109, 463, 463 A.2d at 1112. This faulty structure is far too weak to provide the basis for a criminal conviction.

Although prostitution clearly occured at the party, there is no evidence of the appellant's participation in a conspiracy to commit that crime, nor is there evidence to show that he was in any way connected with that business. It would appear that the instant conviction is a case of guilt by association. The evidence demonstrates that only appellant was in the wrong place at the wrong time. That does not constitute proof beyond a reasonable doubt that he committed the alleged crime.

Accordingly, the judgment of sentence is vacated. Jurisdiction is relinquished.

ROWLEY, J., notes dissent.