542 A.2d 167

In re Linda HAWTHORNE, a Minor.

Appeal of Linda HAWTHORNE.

In re Pauline GIORGI, a Minor.

Appeal of Pauline GIORGI.

Superior Court of Pennsylvania.

Argued April 5, 1988.

Filed June 2, 1988.

William F. Coyle, Philadelphia, for appellants.

Before WIEAND, McEWEN and BECK, JJ.

WIEAND, Judge:

Linda Hawthorne and Pauline Giorgi, both minors, were adjudicated delinquent and were placed on non-reporting probation following a finding that they had committed the crime of theft by unlawful taking in violation of 18 Pa.C.S. § 3921.[1] On appeal from the juvenile court's dispositional order, Hawthorne and Giorgi contend that the evidence showed nothing more than that they had been present at the scene of the crime. This, they argue, was insufficient to establish that they had participated in the commission of a theft. We agree and, therefore, reverse the order of the juvenile court.

In reviewing a challenge to the sufficiency of the evidence, we view all evidence received at the hearing, as well as all reasonable inferences therefrom, in the light most favorable to the Commonwealth. We then determine whether "the trier of fact could have found that each element of the offense[ ] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson*, 506 Pa. 469, 472–473, 485 A.2d 1102, 1103 (1984). See: *In the Interest of LaMore*, 356 Pa.Super. 322, 514 A.2d 633 (1986). See also: *Commonwealth v. Stark*, 363 Pa.Super. 356, 526 A.2d 383 (1987); *Commonwealth v. Quarles*, 361 Pa.Super. 272, 522 A.2d 579 (1987).

The Commonwealth's evidence was stated by the juvenile court as follows:

At approximately 8:25 p.m. on Sunday, May 3, 1987, Officer Scott Drissel responded to a radio call to proceed to the 3300 block of Grant Avenue, Philadelphia, where a Pep Boys auto appliance store is located. Officer Drissel proceeded to the rear of the store and saw a tractor-trail-

---

**1.** The juvenile court found Hawthorne and Giorgi not guilty on charges of receiving stolen property and conspiracy.

er parked up against a loading platform. One white male, holding a box, was on the platform and the female co-defendants, Linda Hawthorne and Pauline Giorgi, were standing beside him. When the male looked in the direction of Officer Drissel and his partner as they drove up in a marked police wagon, he dropped the box off the platform. The defendants who had been standing next to him disappeared from the view of Officer Drissel behind the trailer. While Officer Drissel's partner arrested the male, Officer Drissel proceeded to the back of the platform on the other side of the trailer where he observed the defendants coming down the platform steps. The defendants were apprehended by Officer Drissel and other policemen who arrived on the scene.

. . . .

Officer Drissel testified that the box which the young male had dropped contained chrome wire-wheel covers. The defendants were not observed by Officer Drissel with anything in their hands. Officer Drissel testified that in addition to the boxes of auto parts lying about the platform, there were also numerous cases behind the wall adjoining the platform. He estimated that from the tractor-trailer there were approximately eight (8) cases on the platform outside the trailer and four (4) or five (5) on the ground below. Officer Drissel testified that the lock and seal on the trailer door had been forced open and that the door had been raised to approximately eight (8) feet. Officer Drissel described the loading platform to be approximately six (6) feet off the ground and located twenty-five (25) feet from the sidewalk. He also testified that a set of approximately six (6) or seven (7) steps must be taken in order to get to the top of the platform.

The store manager testified that when he last checked his store, Saturday, May 2, 1987, around 6:00 p.m., everything was secure, including the lock and seal on the tractor-trailer door. The manager also testified that approximately twenty (20) cartons of merchandise had been

taken from the trailer. It was stipulated by counsel that whatever was in the boxes belonged to Pep Boys and that there was no authorization to enter the store, or take anything out of the store, given to defendants, or anyone else, on the day in question. Thus, there was no authorization given to the defendants to remove any merchandise from the property.

Based upon this evidence, the juvenile court concluded that the Commonwealth had presented evidence sufficient to prove beyond a reasonable doubt that appellants had committed theft.[2]

■ Although it is true that a conviction for theft can be based on circumstantial evidence, mere suspicion or conjecture will not suffice. See: *Commonwealth v. Roscioli*, 454 Pa. 59, 62, 309 A.2d 396, 398 (1973); *Commonwealth v. Frey*, 264 Pa.Super. 212, 215, 399 A.2d 742, 743 (1979); *Commonwealth v. Manson*, 230 Pa.Super. 527, 530, 327 A.2d 182, 183 (1974). Moreover, "[i]t is well established that a showing of mere presence at the scene of a crime is insufficient to support a conviction: evidence indicating participation in the crime is required." *Commonwealth v. Keblitis*, 500 Pa. 321, 324, 456 A.2d 149, 151 (1983). See also: *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976); *Commonwealth v. Bailey*, 448 Pa. 224, 292 A.2d 345 (1972); *Commonwealth v. Blankenbiller*, 362 Pa.Super. 477, 524 A.2d 976 (1987); *Commonwealth v. Johnson*, 355 Pa.Super. 372, 513 A.2d 476 (1986); *Commonwealth v. Key*, 342 Pa.Super. 31, 492 A.2d 48 (1985); *Commonwealth v. Weaver*, 309 Pa.Super. 509, 455 A.2d 1199 (1982). Even presence at the scene of a crime in the company of its perpetrator has been held to be insufficient to sustain a conviction. See: *Commonwealth v. Roscioli*, *supra* 454 Pa. at 63–64, 309 A.2d at 399; *Commonwealth v. Garrett*, 423 Pa. 8, 12–13, 222 A.2d 902, 905 (1966); *In re Amos*, 287 Pa.Super. 446, 449, 430 A.2d 688, 690 (1981).

**2.** A demurrer by defense counsel at the conclusion of the Commonwealth's case-in-chief was denied by the juvenile court.

■ "To be guilty of theft by unlawful taking or disposition, a criminal defendant must unlawfully take or exercise control over the movable property of another with intent to deprive him thereof." *Commonwealth v. Crawford,* 285 Pa.Super. 169, 176, 427 A.2d 166, 170 (1981). See also: 18 Pa.C.S. § 3921(a); *Commonwealth v. Deeters,* 255 Pa.Super. 343, 386 A.2d 1034 (1978); *Commonwealth v. Richardson,* 238 Pa.Super. 410, 357 A.2d 671 (1976). In the instant case, there was no evidence to establish that appellants had taken, exercised control over, or even touched any of the merchandise belonging to Pep Boys. Cf. *Commonwealth v. Whitner,* 444 Pa. 556, 281 A.2d 870 (1971) (mere proximity to stolen goods insufficient to show possession as element of larceny). Similarly, there was no evidence which tended to show that appellants had been acting in concert with or had aided in any way the male whom police observed in possession of Pep Boys' merchandise. Cf. *Commonwealth v. Flowers,* 479 Pa. 153, 387 A.2d 1268 (1978) (mere presence during commission of a crime does not constitute aiding and abetting); *Commonwealth v. Fields,* 460 Pa. 316, 333 A.2d 745 (1975) (mere presence at scene of crime not sufficient to establish that one is an active partner in another's intent to commit the crime). The Commonwealth's evidence showed merely that appellants, who resided in the same neighborhood, had been observed by police as they stood on Pep Boys' loading platform in close proximity to a young man who was in unlawful possession of Pep Boys' property. Although their presence might cause one to be suspicious of their activity, case law firmly establishes that it was an insufficient basis on which to find that they were participants in the illegal activity. See, e.g.: *Commonwealth v. Keblitis, supra; Commonwealth v. Goodman, supra; Commonwealth v. Roscioli, supra; Commonwealth v. Garrett, supra.* Therefore, we reverse the order of the juvenile court and discharge the appellants.

The adjudication of delinquency is reversed, and appellants are discharged.