## Commonwealth v. Marsh

*Shawn Wagner, assistant district attorney,* for the commonwealth.

*John W. Marsh,* in properia persona.

HESS, *J.,* March 7, 1990. — On November 8, 1989, defendant, John W. Marsh, was found guilty by a jury of obstructing the administration of law or other governmental function, 18 Pa.C.S. §5101. The conviction arose out of an incident which occurred on April 26, 1989, when Constable Charles Marpoe and Deputy Constable Charles York went to defendant's residence pursuant to a lawful order of execution issued by District Justice Terry Keller. At the time of his arrival at defendant's residence, Constable Marpoe was wearing a constable identification badge on the pocket of his jacket and was acting within his official duties as a state constable in attempting to make a levy upon defendant's property. Defendant responded to the door of his residence and was, due to a medical condition, seated in a wheelchair. After being informed by the constable that he was there to levy upon defendant's property, Mr. Marsh refused to permit the levy. His wheelchair blocked the entrance to his residence and the only recourse available to Constable Marpoe would have been to forcibly move defendant from the doorway.

Faced with this situation, Constable Marpoe explained to defendant that if he did not allow the constable to enter the residence to levy upon the property, then Mr. Marsh would be charged with obstruction of law or other governmental function. Constable Marpoe went on to explain that this was a criminal charge. Notwithstanding this explanation, defendant continued to physically block the

doorway and refused to allow Constable Marpoe to enter the residence to perform the levy.

Defendant has been convicted of violating a section of the Crimes Code which provides, in pertinent part:

"§5101. *Obstructing administration of law or other governmental function*

"A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle . . . except that this section does not apply to flight by a person charged with crime. . ."

The commonwealth, as verdict winner, is entitled to have the evidence viewed in a light most favorable to it. *Commonwealth v. Jackson*, 506 Pa. 469, 485 A.2d 1102 (1984). Given, therefore, that the above-recited facts are true, the question becomes whether a case of obstructing the administration of law or other governmental function has been made out as a matter of law. We are entirely satisfied that it has been.

Specific to this case, it was incumbent upon the commonwealth to prove two elements of the crime: First, that defendant intentionally obstructed, impaired or perverted the administration of a governmental function; and, second, that defendant did so by physical interference or obstacle. It is clear from the evidence presented at trial that Constable Marpoe was attempting to perform a governmental function in this instance, such function being the levy on property pursuant to a valid execution order entered by a district justice. It is also clear that he was obstructed or impaired in the performance of his duty by physical interference or obstacle.

Specifically, defendant blocked the entrance to his doorway with his wheelchair and refused to

allow the constable to enter his residence. The jury was completely warranted in finding that defendant's actions physically obstructed the performance of an official duty.

We have been unable to locate a similar case in any other court of this commonwealth. Nonetheless, the plain wording of the statute points ineluctably to defendant's guilt. In his brief, however, defendant draws a parallel between the offense with which he is charged and the crime of resisting arrest, 18 P.S. §5104. He suggests, thereby, that in order to be guilty of obstructing a governmental function, he must have employed "means justifying or requiring substantial force to overcome resistance." 18 P.S. §5104. Admittedly, the necessity that law enforcement officers use substantial force before a person can be convicted of resisting arrest, is an element of that crime by the clear wording of the statute. In section 5101, however, there is no mention of the necessity that a representative of the government use force in response to an act of obstruction. A contrary legislative intent would appear to be the case. Construing the statute the way Mr. Marsh would have us do it would have required Constable Marpoe to have physical contact with defendant before defendant could be convicted of obstructing. We can understand why the legislature would want to avoid any such policy.

## ORDER

And now, March 7, 1990, for the reasons set forth in the accompanying opinion, defendant's post-trial motions are denied, a presentence investigation is ordered and it is directed that the district attorney list this matter for sentence without undue delay.