J-S53039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL McSHAW, IV, | : | |
| | : | |
| Appellant | : | No. 320 MDA 2015 |

Appeal from the Judgment of Sentence entered on January 23, 2015
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0001382-2014

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 29, 2015**

Michael McShaw, IV, ("McShaw") appeals from the judgment of sentence imposed following his conviction of two counts of Robbery, and one count each of Simple Assault and Theft by Unlawful Taking or Disposition, two counts of Conspiracy to Commit Robbery, and one count each of Conspiracy to Commit Simple Assault and Conspiracy to Commit Theft by Unlawful Taking or Disposition.[1] We affirm.

The trial court set forth the relevant underlying facts:

[On February 2, 2014,] Eric Rueda [("Rueda")] met [McShaw] and his five friends while smoking outside of Mama's Pizza in Kutztown, Berks County, Pennsylvania. After their conversation, [] Rueda invited [McShaw] to his friend's apartment[,] where they were going to try to meet up with some girls. [] Rueda, [McShaw], and [McShaw's] friends proceeded to the hallway outside of the friend's apartment where they were drinking, doing drugs, and texting girls. When [] Rueda went to

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), (v); 2701(a)(1); 3921(a); 903(a)(1).

walk [McShaw] and his friends out of the apartment building, []
Rueda was cornered and one of the individuals told him to empty
his pockets. [] Rueda took the items from his pocket, including
cash, his credit card, his identification card, and a VFW
membership card, and threw them up in the air. The individuals
then closed in on him and a physical scuffle occurred where []
Rueda was punched, pulled, kicked and slapped. [] Rueda was
able to exit the building and run away from the individuals.
When [] Rueda returned to his friend's apartment building, the
cash and cards he threw into the air were missing.

Trial Court Opinion, 12/15/14, at 3-4 (citations omitted).

Following a jury trial, McShaw was convicted of the above-mentioned

crimes. The trial court sentenced McShaw to 32 months to 15 years in

prison, plus a consecutive two-year probation term. McShaw filed a timely

Notice of Appeal and a timely court-ordered Pennsylvania Rule of Appellate

Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, McShaw raises the following questions for our review:

1. Whether the direct and circumstantial evidence presented at
trial was insufficient to sustain the jury's verdicts on [the two
counts of Conspiracy to Commit Robbery, and one count each of
Conspiracy to Commit Simple Assault and Conspiracy to Commit
Theft by Unlawful Taking or Disposition], inasmuch as (a) it
merely showed that [McShaw] was present at the scene[;] (b)
there is no evidence to show that [McShaw] entered into an
agreement with other persons that one or more of them would
engage in conduct for the planning and/or commission of the
underlying, substantive crimes [of two counts of Robbery, and
one count each of Simple Assault and Theft by Unlawful Taking
or Disposition;] (c) there is no evidence that [McShaw] intended
to promote or facilitate the commission of those underlying,
substantive crimes, *i.e.*, that he shared the intention with one or
more of the other persons to bring them about or to make it
easier to commit them[;] and (d) absent proof of [McShaw's]
entrance into any such agreement, there is no evidence that any
acts done by the other persons were done in furtherance of a
conspiracy which [McShaw] was a part of?

2. Whether the direct and circumstantial evidence presented at trial was insufficient to sustain the jury's verdicts on [two counts of Robbery and one count of Theft by Unlawful Taking or Disposition], inasmuch as (a) it merely shows that [McShaw] was present at the scene[;] and (b) there is insufficient evidence of record to establish each element of the underlying, substantive crimes charged in those counts?

3. Whether the direct and circumstantial evidence presented at trial was insufficient to sustain the jury's verdict on [the Simple Assault count], inasmuch as there was no evidence that [McShaw] attempted to cause or intentionally, knowingly, or recklessly caused bodily injury to [] Rueda and, on the contrary, the evidence of record showed that [] Rueda initially rushed at [McShaw], thereby requiring [McShaw] to take necessary action to defend himself?

Brief for Appellant at 5-6.

McShaw contends that the evidence of record is insufficient to support his conspiracy convictions because the evidence does not prove beyond a reasonable doubt his entry into and knowledge of an agreement. Brief for Appellant at 11-13. McShaw argues he had left the apartment and then returned, at which time Rueda was already emptying his pockets, in response to Rolando Rivera's ("Rivera") direction. *Id.* at 12. McShaw also argues that while inside, he stayed against the opposite wall and never approached Rueda, was not aware of the plan to rob Rueda, and did not commit any overt act in furtherance of any conspiracy. *Id.*

Further, McShaw contends, in absence of sufficient proof of his entrance and participation in a conspiracy, the jury verdict on the underlying substantive offenses of Robbery and Theft by Unlawful Taking cannot be

sustained. *Id.* at 13-17. As to the Robbery conviction, McShaw asserts that he did not inflict bodily injury, threaten bodily injury or intentionally put Rueda in fear of immediate bodily injury, nor did McShaw, in the course of committing a theft, physically take or remove property from Rueda by force. *Id.* at 14-16. With regard to the Theft by Unlawful Taking conviction, McShaw points out that the Commonwealth failed to prove that he unlawfully took or exercised control over Rueda's moveable property. *Id.* at 16.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Crimes Code defines Conspiracy as follows:

**(a)   Definition of conspiracy.** — A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1)   agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2)   agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).  "In most cases of conspiracy, it is difficult to prove an explicit or formal agreement; hence, the agreement is generally established via circumstantial evidence, such as by the relations, conduct, or circumstances of the parties or overt acts on the part of co-conspirators."  ***Commonwealth v. Montalvo***, 956 A.2d 926, 932 (Pa. 2008) (citation and quotation marks omitted).  Further, "[w]here the conduct of the parties indicates they were acting in concert with a corrupt purpose in view, the existence of a conspiracy may be properly inferred."  ***Commonwealth v. Clark***, 746 A.2d 1128, 1137 (Pa. Super. 2000).  Additionally, a defendant is liable for the actions of his co-conspirators if those actions were in furtherance of the common criminal design.  ***See Commonwealth v. King***, 990 A.2d 1172, 1178 (Pa. Super. 2010).

The Crimes Code defines Robbery, in relevant part, as follows:

**(a)   Offense defined.** (1)   A person is guilty of robbery if, in the course of committing a theft, he:

- 5 -

***

(iv)  inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

(v)  physically takes or removes property from the person of another by force however slight;

18 Pa.C.S.A. § 3701(a)(1).  "Bodily injury" is defined as "impairment of physical condition or substantial pain."  *Id.* § 2301.

The Crimes Code defines Theft by Unlawful Taking or Disposition as follows:

**(a) Movable property.** — A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921(a).

Here, Rueda testified that McShaw and the other five co-conspirators were together at Mama's Pizza, left together with Rueda to go to a friend's apartment, and were together in the hallway during the incident.  N.T., 3/6/2015, at 61-84.  He also testified that the group had strategically placed themselves in position to assist the robbery before Rivera told Rueda to empty his pockets.  *Id.*  Further, Rueda testified that McShaw and his co-conspirators demanded that Rueda empty his pockets, and punched, pulled, and kicked him, injuring Rueda in the process.  *Id.* at 71-72, 74-80.  Rueda escaped from the apartment building, and his personal items were missing when he returned.  *Id.* at 78.  Corporal P. Michael Clery, Jr.'s, testimony regarding his investigation of the incident and the Commonwealth's

presentation of the surveillance video from the outside of the apartment building showed the group arrived at the scene of the crime together, left the scene of the crime together, and assaulted Rueda in the process. ***Id.*** at 111-33.

The evidence reflects that McShaw and his five friends acted in concert while engaging in the overt act of strategically surrounding Rueda, as well as punching, kicking, and pulling Rueda, as they robbed Rueda of his personal items. The testimony and direct and circumstantial evidence presented at trial is sufficient to establish McShaw's participation in a conspiracy. ***See Commonwealth v. Vining***, 744 A. 2d 310, 316 (Pa. Super. 1999) (*en banc*) (concluding the evidence was sufficient to support a criminal conspiracy conviction where the evidence demonstrated an agreement and an overt act in furtherance of the agreement); ***Commonwealth v. Eddowes***, 580 A.2d 769, 773 (Pa. Super. 1990) (stating that evidence was sufficient to support a conspiracy conviction where there was a concerted effort to attack and beat the victim).

Additionally, the testimony was sufficient to sustain the jury's verdicts as to the two Robbery counts and the Theft by Unlawful Taking or Disposition count. The evidence established that, in the course of forcing Rueda to hand over his personal items, the co-conspirators intentionally punched, kicked, and pulled Rueda, which caused Rueda to suffer injuries. The co-conspirators then unlawfully took Rueda's personal items. ***See King***,

990 A.2d at 1178 (stating "[e]ach co-conspirator is liable for the actions of the others if those actions were in furtherance of the common criminal design"); *see also Commonwealth v. Jackson*, 485 A.2d 1102, 1104 (Pa. 1984) (stating that where the defendant kicked and punched the victim before the defendant's friends jumped on the victim with intent to rob was sufficient evidence to convict the defendant of robbery and conspiracy).

Further, McShaw argues that there was insufficient evidence to sustain his conviction of Simple Assault because the Commonwealth failed to prove that McShaw did not act in justifiable self-defense. Brief for Appellant at 18. McShaw contends that Rueda initiated the contact by "bull rushing" McShaw. *Id.*

The Crimes Code defines Simple Assault as follows:

**(a) Offense defined.** — Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

18 Pa.C.S.A. § 2701(a)(1).

"[U]nder Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense." *Commonwealth v. McClendon*, 874 A.2d 1223, 1229-30 (Pa. Super. 2005). "The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of

death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety." ***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa. Super. 2014) (citation omitted).

McShaw testified at trial that Rueda ran toward him, and that McShaw "sprawled" to defend himself. N.T., 3/6/2015, at 162-77. McShaw's testimony contradicted Rueda's testimony and the video evidence that showed Rueda was pulled back into the building by McShaw. ***Id.*** at 74, 171-74. The jury was free to believe McShaw's testimony related to self-defense, but chose not to do so here. ***See Commonwealth v. Bracey***, 662 A.2d 1062, 1066 (Pa. 1995) (holding that "the jury was free to disbelieve the evidence proffered by appellant in support of claim of reduced intent and/or self-defense"); ***Commonwealth v. Carbone***, 574 A.2d 584, 589 (Pa. 1990) (providing that "[a]lthough the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a jury is not required to believe the testimony of the defendant who raises the claim"); ***see also Melvin***, 103 A.3d at 40.

Thus, based upon the foregoing and the trial court's sound reasoning, we conclude the evidence is sufficient to sustain McShaw's convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015