J. S41025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :          PENNSYLVANIA
  :
v.   :
  :
MARCHELLE D. PICKNEY,   :
  :
Appellant   :    No. 2781 EDA 2014

Appeal from the Judgment of Sentence April 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No.: CP-51-CR-002938-2012

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:          **FILED JUNE 28, 2016**

Appellant, Marchelle D. Pickney, appeals from the Judgment of

Sentence entered in the Philadelphia County Court of Common Pleas,

following her jury trial convictions for Third-Degree Murder and Possession of

an Instrument of Crime ("PIC"). After careful review, we affirm on the basis

of the trial court's Opinion.

The underlying facts, as summarized in the trial court's 1925(a)

Opinion filed on February 9, 2015, are as follows:

> These charges arose out of an argument between
> Appellant and her boyfriend, decedent, Brandt Lollie ("Lollie").
> On December 18, 2011, at approximately 5:00 A.M., Lollie was
> pacing in the living room of the couple['s] new apartment unit on
> the 5200 block of Cottage Street, in the City and County of

---

[*] Former Justice specially assigned to the Superior Court.

Philadelphia. Lollie's footsteps woke Appellant who was also in the living room, lying with their sleeping one[-]year-old son and Appellant's one[-]year-old niece. Appellant believed Lollie had just returned home after [a] night of partying, and an argument ensued. Their son awoke, and Appellant ended the argument to put their son back to sleep. As Lollie tried to lay down with Appellant, he made a comment that Appellant did not like, and she punched him in the face. At this point both children were awake, and Appellant went to the kitchen to get juice for the children.

Lollie said, "You can't keep just hitting on me", and repeated this phrase two more times prior to following Appellant into the kitchen and punching her in the face. Appellant picked up a knife bought from a dollar store earlier that day and began to unwrap its plastic packaging. Lollie slapped Appellant in the face. Appellant told Lollie that if he slapped her again, she was going to stab him. Lollie slapped Appellant again, and she stabbed Lollie in the neck with the knife. Once Lollie started bleeding, Appellant instructed Lollie to sit down, placed her coat over the wound, and applied pressure. Appellant then called 911 and told them she had "just stabbed her boyfriend". During this time, the couple's son walked into the kitchen. Appellant instructed him to stay away, then exited the apartment and knocked on the door of the next unit in an attempt to have someone take the children. While outside of the apartment, Appellant heard police knocking on the entrance door of the apartment building, let them in, and led them to Lollie.

Police Officer Charles Schuck ("Officer Schuck") received a radio call about the incident at approximately 5:47 A.M. Officer Schuck drove approximately three (3) minutes to the scene where he was unable to open the common entrance door of the apartment building, and was joined soon thereafter by a medic unit. When Officer Schuck and the medic unit arrived in Appellant's kitchen Lollie was unresponsive. Officer Schuck directed Appellant into a bedroom with the children to allow the medic unit to work on Lollie uninterrupted. Appellant repeatedly apologized to the children, and recounted to Officer Schuck how she had warned Lollie that she would stab him.

Lollie was stabbed one (1) time in the lower left neck above the clavicle, where the knife blade went through a major artery and injured the upper lobe of the left lung. Lollie was

pronounced dead on the scene at 6:05 A.M. The knife blade, still partially encased in plastic, was found at Lollie's feet, and the knife handle was found elsewhere on the kitchen floor. An autopsy was performed by Associate Medical Examiner Dr. Aaron Rosen, who determined the cause of death was a stab wound to the neck. The manner of death was found to be homicide.

The children's grandmother arrived to watch the children, and Appellant was taken to the Homicide Unit where she made a detailed statement.

Trial Court Opinion, filed 2/9/15, at 2-4.

On April 21, 2014, following Appellant's conviction by a jury, the trial court sentenced Appellant to 12 to 25 years' incarceration for her Third-Degree Murder conviction.[1] On May 1, 2014, Appellant filed a Post-Sentence Motion, which the trial court denied by operation of law on September 3, 2014.

Appellant filed a Notice of Appeal on September 30, 2014. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant raises two issues on appeal:

1. Is Appellant entitled to an arrest of judgment on the charge of murder in the third degree, where there was insufficient evidence to support the verdict and where the evidence did not

---

[1] The trial court imposed no further penalty for the PIC conviction.

[2] On March 23, 2015, on Appellant's motion, this Court remanded to allow Appellant to supplement her Pa.R.A.P. 1925(b) statement. The trial court subsequently filed a supplemental Rule 1925(a) opinion. The issue raised in the supplemental Rule 1925(b) statement, *i.e.*, prosecutorial misconduct, was not raised in Appellant's brief. She has, thus, abandoned the issue. *See Commonwealth v. Sanchez*, 36 A.3d 24, 72 (Pa. 2011) (holding issue purposely abandoned on appeal is not reviewable).

establish beyond a reasonable doubt that Appellant acted with malice?

2. Is Appellant entitled to a new trial where the greater weight of the evidence does not support a verdict of murder in the third degree and where the verdict, especially with regard to the finding of malice, was based on speculation, conjecture and surmise?

Appellant's Brief at 3.

We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014). Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id*. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id*.

When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, none or some of the evidence and to determine the credibility of witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will

give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015) (internal quotation marks and citations omitted). Further, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* at 546 (internal quotation marks and citation omitted).

The Honorable Lillian H. Ransom sitting as the trial court has authored a comprehensive, thorough, and well-reasoned opinion, citing to the record and relevant case law in addressing Appellant's claims on appeal. After a careful review of the parties' arguments and the record, we affirm on the basis of the trial court's Opinion. *See* Trial Court Opinion, filed 2/9/15, at 4-7 (concluding that: (1) the verdict was not against the weight of the evidence and did not shock the conscience; and (2) the evidence was sufficient to support Appellant's Third-Degree Murder conviction because Appellant confessed that she used a knife, a deadly weapon, to stab the victim in the neck, a vital part of the body).

The parties are instructed to attach a copy of the trial court's 2/9/15 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF : CP-51-CR-0002938-2012
PENNSYLVANIA

CP-51-CR-0002938-2012 Comm v Pickney, Marchelle D
Opinion

7255183581

**FILED**

v. FEB 0 9 2015

Criminal Appeals Unit
First Judicial District of PA

MARCHELLE PINCKNEY, : SUPERIOR CT. 2781 EDA 2014
APPELLANT :

**OPINION**

RANSOM, J. February 6, 2015

On February 21, 2014, the Appellant, Marchelle Pinckney, was found guilty, by a jury

sitting before this Court, of one (1) count of Third Degree Murder, a felony of the first degree

and one (1) count of Possession of an Instrument of Crime, a misdemeanor of the first degree.

On April 21, 2014, this Court sentenced the Appellant to twelve to twenty-five (12- 25)

years imprisonment for Third Degree Murder, with no further penalty assessed for the additional

charge.

On May 1, 2014, Appellant timely filed Post Sentence Motions. Appellant's Post

Sentence Motions were denied by operation of law on September 3, 2014. On September 30,

2014, the Appellant filed a Notice of Appeal. When the notes of testimony became available, this

Court ordered the Appellant, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) to

file a concise, self-contained and intelligible statement of errors complained of on appeal on

October 6, 2014. On October 28, 2014, counsel filed a 1925(b) statement of errors complained of

on appeal to this Court. In his 1925(b) statement, Appellant raises the following three (3) issues:

1

(1) The Trial Court erred when it denied the defendant's motion for a mistrial based upon prosecutorial misconduct after the Commonwealth reviewed documents concerning the defendant from the Salvation Army which were secured by the defendant pursuant to a subpoena and order of the Trial Court when the documents had been held by the Trial Court prior to the defendant being able to review them in order for the Trial Court to make a determination as to whether the documents were discoverable by the Commonwealth.

(2) The jury verdict was against the weight of the evidence.

(3) The evidence was insufficient to support the conviction.

## FACTS

These charges arose out of an argument between Appellant and her boyfriend, decedent, Brandt Lollie ("Lollie"). On December 18, 2011, at approximately 5:00 A.M., Lollie was pacing in the living room of the couples' new apartment unit on the 5200 block of Cottage Street, in the City and County of Philadelphia. Lollie's footsteps woke Appellant who was also in the living room, lying with their sleeping one year-old son and Appellant's one year-old niece. Appellant believed Lollie had just returned home after night of partying, and an argument ensued. Their son awoke, and Appellant ended the argument to put their son back to sleep. As Lollie tried to lay down with Appellant, he made a comment that Appellant did not like, and she punched him in the face. At this point both children were awake, and Appellant went to the kitchen to get juice for the children.

Lollie said, "You can't keep just hitting on me", and repeated this phrase two more times prior to following Appellant into the kitchen and punching her in the face. Appellant picked up a knife bought from a dollar store earlier that day and began to unwrap its plastic packaging. Lollie

2

slapped Appellant in the face. Appellant told Lollie that if he slapped her again, she was going to stab him. Lollie slapped Appellant again, and she stabbed Lollie in the neck with the knife. Once Lollie started bleeding, Appellant instructed Lollie to sit down, placed her coat over the wound, and applied pressure. Appellant then called 911 and told them she had "just stabbed her boyfriend". During this time, the couple's son walked into the kitchen. Appellant instructed him to stay away, then exited the apartment and knocked on the door of the next unit in an attempt to have someone take the children. While outside of the apartment, Appellant heard police knocking on the entrance door of the apartment building, let them in, and led them to Lollie.

Police Officer Charles Schuck ("Officer Schuck") received a radio call about the incident at approximately 5:47 A.M. Officer Schuck drove approximately three (3) minutes to the scene where he was unable to open the common entrance door of the apartment building, and was joined soon thereafter by a medic unit. When Officer Schuck and the medic unit arrived in Appellant's kitchen Lollie was unresponsive. Officer Schuck directed Appellant into a bedroom with the children to allow the medic unit to work on Lollie uninterrupted. Appellant repeatedly apologized to the children, and recounted to Officer Schuck how she had warned Lollie that she would stab him.

Lollie was stabbed one (1) time in the lower left neck above the clavicle, where the knife blade went through a major artery and injured the upper lobe of the left lung. Lollie was pronounced dead on the scene at 6:05 A.M. The knife blade, still partially encased in plastic, was found at Lollie's feet, and the knife handle was found elsewhere on the kitchen floor. An autopsy was performed by Associate Medical Examiner Dr. Aaron Rosen, who determined the cause of death was a stab wound to the neck. The manner of death was found to be homicide.

3

The children's grandmother arrived to watch the children, and Appellant was taken to the Homicide Unit where she made a detailed statement.

## LEGAL DISCUSSION

The Appellant raises three (3) issues on appeal. The first (1) issue Appellant raises is:

**The Trial Court erred when it denied the defendant's motion for a mistrial based upon prosecutorial misconduct after the Commonwealth reviewed documents concerning the defendant from the Salvation Army which were secured by the defendant pursuant to a subpoena and order of the Trial Court when the documents had been held by the Trial Court prior to the defendant being able to review them in order for the Trial Court to make a determination as to whether the documents were discoverable by the Commonwealth.**

It is difficult to discern what misconduct the Appellant is alleging. Since this Court is not willing to speculate, it therefore cannot respond to this issue.

The second (2) issue Appellant raises is:

**The jury verdict was against the weight of the evidence.**

The standard of appellate review for a claim that the verdict was against the weight of the evidence is limited to a determination of whether the trial court abused its discretion in denying the Appellant's post-verdict motion i.e. that the fact-finder's verdict "shocked the conscious." Commonwealth v. Lloyd, 2005 Pa. Super. 236, P12, 878 A.2d 867, 872 (2005). The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. Commonwealth v. Small, 559 Pa. 423, 435, 741 A.2d 666, 672 (Pa. 1999).

Murder that is not committed by an intentional killing, nor committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony, is a Murder of the third degree.[1] The elements of Third Degree Murder have been developed by case law. Third Degree Murder is a killing done with legal malice but without the specific intent to kill required in First Degree Murder. Commonwealth v. Pitts, 486 Pa. 212, 404 A.2d 1305 (1979). "Malice express or implied is the criteria and absolutely the essential ingredient of murder." Commonwealth v. Commander, 436 Pa. 532, 537, 260 A.2d 773, 776 (1970). When an individual commits an act of gross recklessness for which he must reasonably anticipate that death to another is likely to result, he exhibits that "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty" which proved that there was at that time in him "the state or frame of mind termed malice." Commonwealth v. Malone, 354 Pa. 180, 47 A.2d 445 (1946), (quoting Commonwealth v. Drum, 58 Pa. 9 (1868)). Malice may be inferred from the use of a deadly weapon on a vital part of the body. Commonwealth v. Hinchcliffe, 479 Pa. 551, 388 A.2d 1068, cert. denied, 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 663 (1978).

In the instant case, the jury's verdict of guilty does not shock the conscience. The Commonwealth presented evidence through the testimony of its witnesses and Appellant's statement to police, that Appellant possessed the requisite malice for Third Degree Murder. The jury, as the fact finder, has the sole discretion of assessing the credibility of witnesses at trial. The finder of fact is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. The jury was free to believe the testimony presented that the Appellant

---

[1] 18 Pa. C.S. § 2502(c)

5

committed Third Degree Murder when she stabbed Lollie in the neck, a vital part of the body, with a deadly weapon; a knife. (N.T. 2/20/14 at 114).

It was uncontroverted that Appellant stabbed Lollie. Indeed, all recitations of the events of December 18, 2011 come from Appellant's own recollection. Appellant made a statement to police wherein she admitted to stabbing Lollie, and her testimony at trial was consistent with that statement. (N.T. 2/19/14, 163-164 and 2/20/14 at 114). Officer Schuck testified that at the scene, Appellant apologized to the children for killing Lollie and at one point said, "I grabbed the knife; I told him if he came toward me I would stab him; and them I stabbed him." (N.T. 2/19/14 at 98). Additionally, Appellant's testimony was corroborated by physical evidence found at the scene. When the medic unit arrived, Lollie was unresponsive and in a seated position on the kitchen floor. (N.T. 2/19/14 at 48). Lollie had a bloody piece of clothing on the left side of his neck and the knife blade was found at his feet, still partially encased in plastic and severed from the handle. (N.T. 2/19/14 at 92, 116, 125-126).

A person commits misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.[2] At trial the Commonwealth established that Appellant had a knife that she intended to utilize, and did utilize, in a criminal act- stabbing Lollie. The jury was free to believe that Appellant intended to use the knife criminally when she picked up the knife during her argument with Lollie, and began to unwrap it prior to verbally warning Lollie that she would stab him if he slapped her again. (N.T. 2/19/14, 163-164 and 2/20/14 at 114).

---

[2] 18 Pa.C.S. § 907(a)

The third (3) issue Appellant raises is:

**The evidence was insufficient to support the conviction.**

The Appellant contends that the evidence was insufficient. This claim lacks merit. The standard of review for a sufficiency of evidence claim is "whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offenses beyond a reasonable doubt." Commonwealth v. Miller, 541 Pa. 531, 540, 664 A.2d 1310, 1314 (1995) (citing Commonwealth v. Carpenter, 511 Pa. 429, 435, 515 A.2d 531, 533-534 (1986)). When reviewing sufficiency of the evidence, an appellate court may not substitute its judgment for that of the fact-finder; if the record contains support for the verdict, it may not be disturbed. See Commonwealth v. Marks, 1997 Pa. Super. LEXIS 3857, 4, 704 A. 2d 1095, 1098 (1997). What may appear unlikely to a reviewing court cannot supplant what the fact finder has found. Commonwealth v. Jackson, 506 Pa. 469, 474, 485 A.2d 1102, 1104 (Pa. 1984).

The evidence presented by the Commonwealth showed that Appellant had the requisite malice to kill when she stabbed Lollie in the neck with a knife, and that her actions resulted in Lollie's death. Thus, this Court finds that viewed in a light most favorable to the Commonwealth, there was sufficient evidence to support the verdict. (See discussion of second issue raised by Appellant at page 4).

## CONCLUSION

For the reasons set forth above, the decision of this Court should be affirmed.

BY THE COURT:

Ransom, J.

7

RE: Commonwealth v. Marchelle Pinckney
CP-51-CR-0002938-2012

TYPE: OPINION

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Defendant:      Marchelle Pinckney
OV4193
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16043

Type of Service:      ( ) Personal Service   ( ) First Class Mail   ( X ) Other: <u>Certified</u>

Defense Attorney:      Coley O. Reynolds, Esquire
1515 Market Street
Suite 1210
Philadelphia, PA 19102

Type of Service:      ( ) Personal Service   ( X ) First Class Mail   ( ) Other: _____

District Attorney:      Hugh J. Burns Jr., Esquire
Philadelphia District Attorney's Office
Widener Building – Three South Penn Square
Philadelphia, PA 19107

Type of Service:      ( ) Personal Service   ( X ) First Class Mail   ( ) Other: _____

Date: February 9, 2015

Tianna K. Kalogerakis, Esq.
Law Clerk to the Hon. Lillian H. Ransom